# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: LANNY ALLAN LAMPHERE | ) | |
| | ) | |
| AMERICAN COMPUTER COMPANY | ) | |
| and JACK SHULMAN, | ) | |
| | ) | |
| Appellants, | ) | |
| vs. | ) | NO.  CIV-10-0021-HE |
| | ) | |
| LANNY ALLAN LAMPHERE, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER AND JUDGMENT

In this appeal from the United States Bankruptcy Court for this district, appellants American Computer Company and Jack Shulman challenge that court's determination that a debt owed them by appellee-debtor Lanny Allan Lamphere is dischargeable in bankruptcy. The debt arose from a New Jersey state court judgment entered in May 1999 in favor of appellants and against Lamphere.  The judgment awarded over $400,000 in compensatory and punitive damages, based on Lamphere's liability for certain defamation-related torts.  In August 2003, that judgment was domesticated in Oklahoma.  In May 2007, Lamphere filed bankruptcy and included the New Jersey judgment among the debts scheduled for discharge.

Appellants filed an adversary proceeding objecting to the discharge of the debt, arguing that the New Jersey judgment is a debt "for willful and malicious injury by the debtor to another entity" which is excepted from discharge under 11 U.S.C. § 523(a)(6). Appellants moved for summary judgment, arguing that because the New Jersey court concluded Lamphere willfully and maliciously injured appellants, Lamphere was precluded

by the doctrine of collateral estoppel from relitigating the issue in the bankruptcy case. The Bankruptcy Court denied that motion, concluding the doctrine did not apply since the New Jersey judgment was by default.

The case then proceeded to trial in October 2009. Appellants' evidence was limited to 42 documentary exhibits. They called no witnesses. At the conclusion of trial, Lamphere moved to dismiss under Fed. R. Civ. Pro. 52, arguing that appellants had failed to make the necessary showing under § 523(a)(6). The Bankruptcy Court granted the motion, concluding there was "no evidence that [the conduct in question] was done willfully or maliciously."[1] It entered judgment in favor of Lamphere.

Appellants have appealed to this court pursuant to 28 U.S.C. § 158(a). They argue first that the bankruptcy court erred in refusing to give collateral estoppel effect to the New Jersey court's conclusion that Lamphere had acted willfully and maliciously. To determine the preclusive effect of a state court judgment, the full faith and credit statute, 28 U.S.C. § 1738, requires courts to look to the preclusion law of the State in which the judgment was rendered. Nichols v. Bd. of County Comm'rs, 506 F.3d 962, 967 (10th Cir. 2007). Under New Jersey law, the party asserting collateral estoppel must show:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding . . . (2) the issue was actually litigated in the prior proceeding . . . (3) the court in the prior proceeding issued a final judgment . . . (4) the determination of the issue was essential to the prior judgment . . . and (5) the party against whom the doctrine is asserted was a party to or in privity with a

---

[1] *Transcript of October 21, 2009 Trial 24:20–25:6, [Doc. # 76 in the bankruptcy case, Adv. No. 07-1156].*

party to the earlier proceeding.

Hennessey v. Winslow Twp., 875 A.2d 240, 243 (N.J. 2005) (internal citations omitted).

Here, the only question as to the application of the doctrine is whether the "actually litigated"

requirement was met. The Bankruptcy Court concluded that the "willful and malicious"

issue was not "actually litigated" before the New Jersey court, citing Mattson v. Hawkins (In

re Hawkins), 231 B.R. 222, 231 (D.N.J. 1999), for the proposition that "collateral estoppel

does not apply to default judgments because such judgments are not *'actually litigated.'*"

(emphasis in original).[2]   As the Bankruptcy Court's determination of this issue was

essentially a legal conclusion, this court's review of the issue is *de novo*. In re Primeline Sec.

Corp., 295 F.3d 1100, 1105 (10th Cir. 2002).

Appellants cite First Union Nat'l Bank v. Penn Salem Marina, Inc., 912 A.2d 417, 425

(N.J. 2007), in support of their contention that collateral estoppel may be based on a default

judgment. They argue First Union indicates that result where the party against whom the

doctrine is invoked "had ample opportunity" to litigate the matter. However, this court does

not read First Union so broadly. In that case, it was the party against whom default judgment

was entered in the prior action who sought to apply collateral estoppel. The New Jersey

court concluded that, in such circumstances, the rationale for the "actually litigated"

requirement was not present and, as a result, there was "no justification to give weight to [the

"actually litigated" requirement]." *Id.* Here, however, it is appellants — the beneficiaries

---

[2]   *Memorandum of Decision and Order Denying Plaintiffs' Motion for Summary Judgment, May 15, 2008 (Ex. 19 to Notice of Appeal [Doc. #1]).*

of the default judgment in the New Jersey action — who seek to apply collateral estoppel. The rationale for the "actually litigated" requirement is thus present here and the general rule recognized in New Jersey — that collateral estoppel does not apply to default judgments — applies in this case. In re Hawkins, 231 B.R. at 231; N.M. v. J.G., 605 A.2d 709, 713 (N.J. Sup. Ct. App. Div. 1992). The Bankruptcy Court did not err in refusing to give preclusive effect to the New Jersey judgment.

Appellants' next challenge the Bankruptcy Court's determination that insufficient evidence was offered at trial to support a finding of "willful and malicious injury" within the meaning of § 523(a)(6). Appellants had the burden of proving, by a preponderance of the evidence, that their claim was excepted from discharge. Grogan v. Garner, 498 U.S. 279, 286 (1991). Whether they did so involves a mixed question of fact and law. The court reviews factual determinations for clear error and legal conclusions *de novo.* Panalis v. Moore (In re Moore), 357 F.3d 1125, 1127 (10th Cir. 2004).

As noted above, the only evidence submitted by appellants at trial was 42 documentary exhibits, consistently largely of copies of correspondence and internet message board posts. After reviewing these exhibits, the Bankruptcy Court concluded they were insufficient to prove that Lamphere acted willfully or maliciously within the meaning of § 523(a)(6) and that they did not show appellants to have actually suffered any injury. This court's review of the same evidence leads it to the same conclusion. In and of themselves, and in the absence of any additional explanation as to how the various documents were created, who sent them, and in what circumstances they were created or sent (among other

4

things), appellants' submissions simply did not establish the necessary "willful and malicious injury." The Bankruptcy Court's determination to that effect was not in error.

The decision of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 19th day of August, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE